FILED
United States Court of Appeals
Tenth Circuit

January 18, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

v.

CRISTINO SOTO-TULA,

        Defendant - Appellant.

No. 11-4045
(D.C. No. 2:10-CR-00802-DB-1)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **HARTZ**, and **HOLMES**, Circuit Judges.

Defendant Cristino Soto-Tula pleaded guilty to one count of possession with intent to distribute 50 grams or more of a mixture or substance containing methamphetamine. *See* 21 U.S.C. § 841(a)(1). The United States District Court for the District of Utah sentenced him to 108 months' imprisonment, followed by five years of supervised release. Defendant timely appealed.

---

[*]After examining the brief and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Defense counsel, finding no meritorious issue for appeal, has submitted an *Anders* brief. *See Anders v. California*, 386 U.S. 738 (1967). Counsel provided Defendant with a copy of the brief and the clerk of this court informed Defendant that he had 30 days to respond and raise any arguments neglected by counsel. *See id.* at 744 (defendant must be given a copy of the *Anders* brief and provided time to respond). Defendant has not filed a response with this court. We have jurisdiction under 28 U.S.C. § 1291. After conducting an independent examination of the record, we agree with counsel's conclusion that no nonfrivolous basis for appeal exists. We dismiss the appeal.

## I. DISCUSSION

We first observe that nothing in the record suggests that Defendant has any meritorious ground for challenging his guilty plea. The plea agreement signed by Defendant advised him of his rights, the charges against him, and the potential penalty. In it he admitted the facts constituting his offense and stated that he entered into it "after full and careful thought; with the advice of counsel; and with a full understanding of my rights, the facts and circumstances of the case and the consequences of the plea." App. to Aplt.'s Opening Br. at 7. In accepting the plea the district court verified the factual basis for the plea, informed Defendant of the maximum possible penalty, and otherwise ensured that the plea was entered knowingly and voluntarily.

Also, the district court correctly calculated the guidelines sentencing range. Defendant's base offense level of 34 was appropriate for possession of 431 grams of actual methamphetamine, the amount he admitted. *See* USSG § 2D1.1(a)(5), (c)(3). That level was increased by two levels for possession of a dangerous weapon, *see id.* § 2D1.1(b)(1), decreased by two levels under the safety-valve provision, *see id.* § 2D1.1(b)(16), and decreased by another three levels for acceptance of responsibility, *see id.* § 3E1.1, resulting in a total offense level of 31. Given Defendant's category I criminal history, his advisory guideline range was 108 to 135 months' imprisonment, and the court sentenced him to 108 months. Because we see no error harmful to Defendant in the court's calculation of the applicable guidelines range and because the court imposed a sentence at the very low end of that range, Defendant has no nonfrivolous ground for challenging the reasonableness of his sentence. *See United States v. Kristl*, 437 F.3d 1050, 1054 (10th Cir. 2006) (per curiam) (properly calculated sentence within the guidelines range is accorded presumption of reasonableness).

Finally, Defendant may have a claim of ineffective assistance of counsel; but absent exceptional circumstances not present here, we will not address such a claim on direct appeal. *See United States v. Calderon*, 428 F.3d 928, 931 (10th Cir. 2005).

## II.   CONCLUSION

We DISMISS the appeal.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge